UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

TYSON D. TABB,            )
                          )
       Plaintiff,         )
                          )
v.                        )        NO. 2:12-cv-310
                          )        *Greer/Inman*
MATTHEW SCOTT COUSINS,    )
                          )
       Defendant.         )

**MEMORANDUM and ORDER**

Tyson D. Tabb, now a resident of Bristol, Virginia, has filed this *pro se* civil rights complaint for damages under 42 U.S.C. § 1983, alleging that he was subjected to excessive force during his arrest, [Doc. 2]. The sole defendant is Matthew Scott Cousins, an officer with the Bristol, Tennessee Police Department, who is sued both in his individual and official capacities. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, [Doc. 1].

In his complaint, plaintiff makes the allegations which follow. On July 25, 2011, plaintiff was outside his townhouse when two Bristol, Tennessee police officers arrived. Plaintiff identified himself and soon thereafter, one officer, defendant Cousins, began a pat-down search of plaintiff's person. In response to defendant's question as to what was inside plaintiff's pants pockets, plaintiff answered that it was part of his collection of butterfly knives. Defendant pulled out one of the knives and handcuffed plaintiff due to the officer's concern for his own safety. Thereafter, defendant discovered a concealed BB gun under

plaintiff's shirt, and, yelling, Gun!, grabbed one of plaintiff's arms, slammed him to the ground, crouched on plaintiff's back, bent his arms up from behind, causing plaintiff to scream out in pain, and several minutes later, punched plaintiff twice in the left eye with his fist, causing plaintiff to black out. Afterwards, defendant jerked plaintiff to his feet and took him to the patrol car.

Plaintiff was taken to the Bristol Regional Medical Center by another officer, placed under medical observation, but received no treatment. He was then taken to jail and, upon posting bail some twelve hours later, was released and went to the Johnston Memorial Hospital, where he was treated for multiple bruises and an injury to his left shoulder, a large contusion near his left eye, temporary blindness, and a fractured nose.

The complaint must now be screened and, if it is frivolous or malicious; fails to state a claim; or names defendants who are immune, it must be dismissed. 28 U.S.C. § 1915A and § 1915(e).

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "There is a cause of action under 42 U.S.C. § 1983 for excessive force used to effectuate an arrest." *St. John v. Hickey*, 411 F.3d 762, 771 (6th Cir. 2005). An officer may not use "violent physical force against a criminal suspect who already has been subdued and does not present a danger to himself or others." *Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir. 2009) (listing cases).

2

Case 2:12-cv-00310   Document 4   Filed 08/06/12   Page 2 of 3   PageID #: 22

Because plaintiff has stated a colorable claim of unreasonable force against defendant officer, the Clerk is **DIRECTED** to send plaintiff a service packet, which contains a blank summons and USM 285 form. Plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date on this Order. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendant. Defendant Cousins is **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Finally, plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE