UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


TYSON D. TABB                                    )
                                                 )
V.                                               )          NO. 2:12-CV-310
                                                 )
MATTHEW SCOTT COUSINS, *ET AL.*                  )


## REPORT AND RECOMMENDATION

This is an action filed under 42 U.S.C. § § 1983 by a *pro se* plaintiff against the City

of Bristol, Tennessee, and one of its police officers for alleged violations of plaintiff's civil

rights.   The defendants long ago answered the complaint, and a scheduling order was filed

on November 27, 2012.[1]

The defendants have filed a motion, (Doc. 18), asking that sanctions be imposed upon

the plaintiff for his failure to appear for his discovery deposition.  The motion recites that

defendants' attorney had a subpoenas *duces tecum* served upon the *pro se* plaintiff on

February 6, 2013, which ordered him to appear at counsel's office for the purpose of

providing his pretrial discovery deposition; a copy of the executed subpoena is appended to

the motion as Document 18-1. The motion further recites that notwithstanding service of that

subpoena, the plaintiff Tyson Tabb did not appear for his deposition as memorialized in a

brief announcement made to the court reporter who had been retained to transcribe the

---

[1]Doc. 10.

deposition.[2]

According to the certificate of service on the motion for sanctions, defendant's counsel mailed a copy of his motion to the plaintiff Tabb at 34 Oak View Circle, Bristol, Virginia, 24201 on April 9, 2013. That is plaintiff's address according to the complaint he filed. If he changed his address, he failed to so advise the court within ten days of the change as this court earlier ordered; *see*, Document 4.

This court ordered plaintiff to file a response to the defendant's motion by April 26, 2013 (Document 19). The docket entry recites that the Clerk mailed a copy of that order to the plaintiff.

Lacking any notification from plaintiff that his address has changed, it must be presumed that plaintiff received both the defendants' motion for sanctions and this court's order. As of April 29, 2013, plaintiff has not responded to the motion.

A party's failure to attend his own deposition triggers Rule 37(d) of the Federal Rules of Civil Procedure. That Rule in turn refers to the various sanctions listed in Rule 37(b)(2)(A), one of which is dismissal of the action. Since the plaintiff refused to comply with the subpoena served upon him; and since he failed to respond to the motion for sanctions, notwithstanding that this court ordered him to do so by April 26, 2013; it is safe to assume that he will also ignore any subsequent order filed by this court that awards monetary sanctions against him and which orders him to comply with his discovery

---

[2]Doc. 18-2.

obligations.

The plaintiff apparently has abandoned this case, as a result of which it is respectfully recommended that this court dismiss it with prejudice.[3]

Respectfully submitted,

    s/ Dennis H. Inman    
United States Magistrate Judge

---

[3]Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived.  28 U.S.C. § 636(b)(1)(B) and (C).  *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).